UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,           :

        - against -                 :        07 Cr. 440 (PGG)

Vladimir Zdorovenin                 :

                Defendant.          :

------------------------------------X


DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM


                                                David E. Paton, Esq.
                                                FEDERAL DEFENDERS OF NEW YORK, INC.
                                                Attorney for Defendant
                                                    Vladimir Zdorovenin
                                                52 Duane Street, 10th Floor
                                                New York, New York 10007
                                                Tel.:  (212) 417-8700


Sabrina P. Shroff,
  Of Counsel

TO:  Preet Bharara, Esq.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007

     Attn.:  James J. Pastore, Esq.
             Assistant United States Attorney

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 1, 2013

**BY FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  United States v. Vladimir Zdorovenin
     07 CR 440 (PGG)

Hon. Judge Gardephe:

    Vladimir Zdorovenin respectfully submits this letter in response to the government's sentencing submission of December 30, 2012 (the "Govt. Letter").

    In his amended sentencing submission of December 29, 2012 (the "Defense Submission"), Mr. Zdorovenin explained that an appropriate sentence in this case – a sentence no greater than necessary to accomplish the goals of sentencing – would be one that sentenced him to 24 months, followed by supervised release and restitution.  This two year sentence is sufficient, but no greater than necessary, given (i) that it was not Vladimir but his son Kirill who devised the fraud; (ii) Vladimir's limited role in the conspiracy; (iii) the absence of any prior criminal history; (iv) Vladimir is not a danger to society and will not re-offend as his incentive to offend was not greed by the pull of his son's affections; (v) he demonstrated his remorse and desire to change by offering to meet with law enforcement and give them the last known address of his son Kirill; and (vi) the other individual circumstances, including his familial responsibilities and need to be there for his youngest son, who is barely old enough to understand his father's absence. All of these considerations strongly support the requested non-guidelines sentence.

    The government's letter asking for a sentence within the guidelines range focuses on just two § 3553(a) factors: Vladimir's role in the offense, and general deterrence.  See

Govt. Ltr.[1]  However, even the two factors cited by the government provide no reason for Court to deny Vladimir his requested non-guidelines sentence. Indeed, if anything, the facts recited by the government support our argument that he played a limited role in the conspiracy.  Id. at 1-4.

*First*, the government tries to suggest that Vladimir instigated the fraud. Govt. Ltr at 2.  That is simply not the case. It was Kirill who thought up the fraud, it was Kirill who reached out to his father to enlist his help, it was Kirill who met with the cooperating witness, and it was Kirill who had the technical skills necessary to bring the fraud to fruition.

Try as the government might to overstate and inflate Vladimir's role in the offense, it is readily apparent that he was and is not the quintessential "fraudster." In this regard, the government has adduced no evidence showing that Vladimir undertook the acts generally attributable to someone devising a fraud. The government suggests that every role played by a co-conspirator makes a conspiracy possible. That suggestion is of course a given – no one recruits another into a conspiracy if they have no role to play.  Vladimir Zdororvenin had a role to play otherwise he wouldn't have pled guilty. However, there are still levels of culpability in any conspiracy, and Vladimir's role still was initiated and dictated by his son.

Much like Kenneth Starr, who recruited and could not have completed his fraud without Mr. Bristol who gave his escrow accounts up for money laundering, Kirill needed someone to fulfill the limited role of speaking knowledgeably about the use of brokerage accounts, credit card information, how financial institutions worked and how shell companies could be used. Govt. letter at 3-4.  That does not make Vladimir the initiator nor does it make him the mastermind behind the fraud; it surely does mean – as the government's illogic implicitly dictates – that Starr, Kirill Bristol and Vladimir should all receive similar sentences.

---

[1] Of course, as explained in the Defense Submission, all the 3553(a) factors, including the ones ignored by the government in its response, support imposition of the sentence requested by Mr. Zdorovenin.

Rather, because the facts show Vladimir's role in the conspiracy was limited in scope, expertise and authority his sentence should reflect his role.

Further, in determining whether this hard-working, fifty-five year old father of three, with no criminal history should be sentenced to more jail time than requested, the Court should recall that, through this entire case and in its entire sentencing submission, the government never once disputes the most important fact in this case: that the money paper trial does not lead to Vladimir and there is no indication that Vladimir profited by receiving money from the fraud. The silence on this point from an otherwise aggressive government speaks volumes. This key distinction, as well as Vladimir's otherwise admirable personal qualities, distinguishes him from the vast majority of defendants convicted of fraud conspiracy in federal courts. Unlike other fraud defendants – Marc Drier, Kenneth Starr, Raj Rajaratnum, Anil Gupta, Rajat Gupta, Bernie Madoff, and soon Vladamir did not greedily make millions and impoverish other in order to live and enjoy a swanky life style.

*Second*, regarding specific and general deterrence, the government contends, as it does in nearly every case, that deterrence will only be met by a guidelines sentence. See Govt. Letter at 8-9. In so contending, the government ignores all the individual facts about Vladimir – *e.g.*, his lack of criminal history, his poor health, his prior hospitalizations, his unique motivation in committing this offense, and his sincere remorse – all of which demonstrate he will not violate the law again.

Moreover, the goal of general deterrence will be readily achieved here by the suggested non-guidelines sentence. Interestingly, the government's nine page sentencing memorandum never once addresses any of the criticisms levied against the loss guidelines by the Hon. Jed Rakoff (in Adelson, and Gupta), and other judges in this and other districts. *See, e.g.*, United States v. Parrish, 573 F.Supp. 2d 744, 745 (E.D.N.Y. 2006). In Parrish, Judge Block imposed a sentence of 60 months in face of guidelines sentencing range of 360 months to life that was largely the result of an 18-level loss increase. Judge Block rejected the loss guidelines as they were "patently absurd" and "draconian." In imposing a sentence of 5 years he noted that the prosecutors in the Eastern District felt the same "angst" as the Court did, and had "joined the Court in a 'collaborative effort

to search for an effective means to avoid what Judge Rakoff in United States v. Adelson, 441 F.Supp.2d 506, 512 (S.D.N.Y. 2006), has appropriately described as 'the utter travesty of justice that sometimes results from the guideline's fetish with absolute arithmetic.'" In sentencing others such as Rajat Gupta (24 months when the government was asking for 10 years), Judge Rakoff again noted his concern with the loss guidelines - the notion that sentencing can be "reduced to the mechanical adding-up of a small set of numbers artificially assigned to a few arbitrarily-selected variables wars with common sense." To sentence Vladimir based on a loss amount which never went to him, and did not motivate his crime, would indeed defy common sense.

Finding no way to defend the irrational nature of the loss guidelines in this particular case, the government vainly attempts to ignore the issue, and simply does here does what it does in every single case - mechanically urge a within guidelines sentence. Just as the other Judges (Judges Rakoff, Batts, Sullivan, Holwell) have, this Court should ignore this bald request. Indeed, a more severe sentence than 24 months will be counterproductive. As the United States Supreme Court cogently warned in Gall: "if [sentencing] is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances" of the individual defendant, then "not respect, but derision, of the law" will be the result. 2007 U.S. LEXIS 13083, at *29. See also Cavera, Jones.[2]

In sum, application of the § 3553(a) factors to the individual facts here strongly support a sentence of 24 months.

**CONCLUSION**

A guidelines sentence is far greater than necessary to accomplish the goals of sentencing given this particular

---

[2] Forced to deflect from the problem with the loss guidelines, the governments seeks to incite a harsh punishment by suggesting that Vladimir targeted United States citizens and financial institutions. Again, it was Kirill who thought up the scheme, not Vladimir and there is no indication that he gave any thought to the nationality of the victim. It is a fair inference that a fraudster targets the rich regardless of their nationality.

defendant and his individualized facts. Instead, for all the foregoing reasons, and those set forth in the Defense Submission, the goals of sentencing are readily and reasonably met by a non-guidelines sentence of 24 months, to be followed by years of supervised release.

Respectfully submitted,

Sabrina P. Shroff
Assistant Federal Defender
Trial Division

SPS/mtf
cc: AUSA Pastore